UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                               DECISION AND ORDER

                                                               12-CR-6114L

                        v.

JEWELL D. WIGGINS,

                        Defendant.
_____

       Defendant Jewell D. Wiggins ("Wiggins") stands indicted in a five-count indictment with narcotics and firearms offenses stemming from his arrest, after a traffic stop, on April 1, 2012 in Rochester, New York. Pending before the Court is Wiggins' motion to suppress six statements that he made at the scene of the traffic stop and to suppress a firearm seized by officers of the Rochester Police Department from the front seat of the vehicle.

       I referred all pretrial motions, including motions to suppress, to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Magistrate Judge Payson conducted a suppression hearing and heard testimony from one of the arresting officers, Nolan Wengert. The defense offered no testimony at the suppression hearing from Wiggins or any one else but relied on Wiggins' affidavit concerning some of the circumstances of the arrest. After the hearing, the Magistrate Judge accepted post hearing submissions from the parties.

       On April 16, 2013 (Dkt. #41), Magistrate Judge Payson issued a lengthy and thorough Report and Recommendation. The Magistrate Judge addressed the six separate statements made by Wiggins at the time of the arrest. She described each of them separately, the first being "Statement 1," and so on. The Magistrate Judge recommended that this Court deny the motion to suppress all of the

statements except Statement 3 which she recommended this Court grant the defendant's motion to suppress. In addition, the Magistrate Judge denied Wiggins' motion to suppress the firearm.

The Government advised the Court that it had no objections to the Report and Recommendation. Counsel for Wiggins duly filed objections to the Magistrate Judge's recommendation concerning Statements 1, 2, 4, 5 and 6 and also objected to the Magistrate Judge's decision denying the motion to suppress relative to the firearm.

This Court has reviewed the Report and Recommendation, Wiggins' objections (Dkt. #43) and the transcript of the suppression hearing (Dkt. #32) which has been prepared for my review.

I see no reason to alter, modify or reverse Magistrate Judge Payson's Report and Recommendation and, therefore, I accept the Report in its entirety. I, therefore, grant defendant's motion in part and deny it in part.

First, I agree with the Magistrate Judge that Statement 3 should be suppressed. As the Magistrate Judge determined, Wiggins was in custody at the time Officer Wengert questioned him about whether he had a permit for the firearm and no *Miranda* warnings had been given prior to that inquiry. The Government does not now object to the Magistrate Judge's decision.[1]

I agree with the Magistrate Judge as to Statements 1 and 2. The challenged statements of Wiggins were made in response to routine questions at a non-custodial traffic stop. Under the circumstances, and the law set forth by the Magistrate Judge, such statements are admissible in spite of the fact no *Miranda* warnings were given.

Statements 4, 5 and 6 all are admissible. I agree with the Magistrate Judge that there is no basis to suppress these statements. All three of the statements were not the product of any interrogation by the officers. No questions were posed to Wiggins by Officer Wengert or any other

---

[1] It appears from the transcript that there were certain other statements, one of them concerning money, that the Government elected not to utilize and, therefore, concurred in the defense motion to suppress. Therefore, the Magistrate Judge and this Court have only considered the six statements that were referenced in the Report and Recommendation.

officer and, as found by Magistrate Judge Payson, all three statements were spontaneous declarations of Wiggins made directly to the officer (Statements 4 and 6) or to Wiggins' family (Statement 5) which the officer overheard. One makes such statements at his peril. There is no evidence that the officers engaged in any conduct that would occasion Wiggins to make incriminating statements.

Magistrate Judge Payson carefully set forth the facts and provided a detailed and thorough summary of the law on such matters. There is no basis to suppress any of the three statements at issue.

Finally, I agree with the Magistrate Judge's recommendation that the pistol found under the front seat of the vehicle was the subject of a proper search. Magistrate Judge Payson gave alternative reasons to justify the search, and I think both are sound. Based on the initial confrontation and statements relating to marijuana, there was a reasonable basis for the officers to search the vehicle for additional marijuana. In addition, the officers were entitled to rely on the automobile exception to the warrant requirement. On either or both grounds the officers' actions were reasonable and did not violate the Fourth Amendment and, therefore, there is no basis for suppression.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #41) in all respects.

I grant defendant's motion to suppress Statement 3. I deny defendant's motion to suppress the other statements, Statement 1, 2, 4, 5, 6, and I deny defendant's motion to suppress physical evidence, the firearm.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 10, 2013.